**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CEDRIC SILER, | ) | |
|      Plaintiff, | ) | |
| | ) | |
|      v. | ) | CAUSE NO.: 2:19-CV-346-TLS-JEM |
| | ) | |
| MODERN HEATING AND COOLING, | ) | |
| INC., and GRIMMER'S SERVICE, INC., | ) | |
|      Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On September 13, 2019, Plaintiff filed his Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Though the citizenship of Defendants is properly alleged, the Complaint alleges only that Plaintiff Cedric Siler is a "resident" of Illinois. This allegation is insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run.");

*Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Plaintiff must allege his domicile.

Next, Plaintiff has not met his burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Plaintiff alleges that Plaintiff's vehicle "sustained damages" and that Plaintiff "suffered significant and permanent injuries" as a result of the events described in the Complaint, and that his "damages are in excess of Fifty Thousand Dollars ($75,000)." In addition to inconsistency in the dollar amount alleged, Plaintiff does not explain how he calculated the amount of loss.

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **December 6, 2019**, a supplemental jurisdictional statement clarifying Plaintiff's citizenship under 28 U.S.C. § 1332(c)(2) and demonstrating that the amount in controversy exceeds $75,000.00 as outlined above.

SO ORDERED this 20th day of November, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record